THE CONNECTICUT POWER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59734. Promulgated May 5, 1933.

*Herman J. Galloway, Esq.*, for the petitioner.
*Prew Savoy, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $1,924.48 in the petitioner's income tax for 1928. The facts are embodied in an agreed statement, which it is unnecessary to set forth at length. In 1928, the petitioner, being the owner of the stock of the Millerton Electric Light Co. and of a note of that corporation for $92,598.63, given to petitioner for the cost of certain transmission lines for which petitioner had paid, and being otherwise the creditor of that corporation for $18,000 which petitioner had advanced, agreed to, and did, dispose of such shares, note, and credit to the Central Hudson Gas & Electric Corporation for a composite consideration consisting in part of 2,000 of the shares of Central Hudson's common stock and in part of cash. The Commissioner applied the undisputed value of what was thus received by the petitioner against the undisputed cost of what it gave up, and included the resulting gain in the petitioner's gross income. The petitioner assails this as contrary to law, contending (1) that the transaction is within section 112 (b) (3), Revenue Act of 1928, whereby the gain is not to be recognized, and (2) that, if cognizable at all, the gain to be recognized is limited to $15,000 by virtue of section 112 (c) (1).

In our opinion, the petitioner's contentions can not be sustained. As a postulate for the first proposition, it is urged that the transaction was divisible so that the disposition of the Millerton shares was

correlated to the receipt of the Central Hudson shares, thus constituting an exchange of stock for stock. This conception is not supported by the evidence. It conforms neither with what appears to have been intended nor with the actual contract, its performance, the description of it to the Public Service Commission of New York in the application for its approval, or the accounting record of the transaction on the petitioner's own books. The plan was conceived and carried out as a single transaction, and thus it stands for the determination of income tax.

With that decided, there is nothing left of petitioner's case. Whether, under section 112 (i), there was a statutory reorganization comprehended in the whole transaction is of no significance here, or whether petitioner was a statutory party to a reorganization, for in either case, the immunity from the recognition of gain is limited to the transactions which the statute expressly describes, and this is not such a transaction. There is no provision which relieves from present tax, under section 111, a disposition by one corporation to another of assets, including shares of a third corporation, for cash and a part, in unknown proportion, of the shares of the second corporation. The care with which section 112 was drafted admonishes us to be no less careful in applying it according to its terms. Loose or careless construction will defeat the purpose it was designed to serve. The rationale of the statute is, first by section 111 to establish the general rule that gain is to be recognized and taxed when it is realized, and second by section 112 to establish exceptions. Those who invoke an exception must assume the risk of bringing themselves within it. This, in our opinion, the present petitioner has failed to do, in respect of either section 112 (b) (3) or section 112 (c) (1).

*Judgment will be entered for the respondent.*